Filed 4/21/23  P. v. Fuller CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH FULLER,<br><br>    Defendant and Appellant. | 2d Crim. No. B317691<br>(Super. Ct. No. 21F-04807)<br>(San Luis Obispo County) |

Kenneth Fuller was convicted by a jury of arson of forest land.  (Pen. Code,[1] § 451, subd. (c).)  The trial court sentenced him to the low term of two years, and ordered him to register under section 457.1, the arson registration statute.

## FACTS

On July 31, 2021, firefighters responded to a report of a fire on the Hearst Ranch property.  When they arrived, Fuller was seated alone about 50 yards from the fire.  A firefighter

---

[1] All statutory references are to the Penal Code.

approached him and asked if he was okay.  He immediately apologized for starting the fire.  He said he had taken "a little bit of meth" and was "going through some things."

A state park ranger walked up to Fuller.  Fuller told him that he started the fire.  He said some people were trying to kill him.  The ranger detained Fuller.

A sheriff's deputy arrived.  Fuller told the deputy that he started the fire to summon emergency assistance.

## DEFENSE

Fuller testified on his own behalf.  He said he was driving on Highway 1, when he saw two cars following him.  The cars were allegedly working for a woman who had been taking money from him.  He pulled off the road and yelled at one of the cars to leave him alone.  Then he claimed he heard a volley of gunshots.  He drove into the Hearst property and lit a fire to summon help.  He did not have a cell phone.

## DISCUSSION

We appointed counsel to represent Fuller in this appeal.  After examining the record, she filed a brief raising no issues.

On August 17, 2022, we advised Fuller by mail that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  We received Fuller's in propria persona supplemental brief on February 3, 2023.

Fuller complains that the prosecutor based her case solely on his admissions that he started the fire.  He points to his testimony that he started the fire to summon emergency help after he heard gun shots.

On appeal we discard evidence that does not support the judgment as having been rejected by the trier of fact for lack of sufficient verity. (*People v. Ryan* (1999) 76 Cal.App.4th 1304,

1316.) In other words, the jury simply did not believe Fuller. The jury is the sole judge of credibility. We have no power on appeal to judge the credibility of witnesses. (*People v. Stewart* (2000) 77 Cal.App.4th 785, 790.)

We have reviewed the entire record and are satisfied that Fuller's attorney has fully complied with her responsibilities and that no arguable issue exists. [2] (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

CODY, J.

---

[2] Fuller's motion for substitution of counsel, filed September 19, 2022, is denied.

Jesse John Marino, Judge

Superior Court County of San Luis Obispo

_____

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.